UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**SHERRI R. BARRETT,**

    Plaintiff,

vs.                                                                 No. 12 CV 574 JAP/RHS

**UNIVERSITY OF NEW MEXICO**
**BOARD OF REGENTS,**
**JACK L. FORTNER in his official capacity,**
**DON L. CHALMERS in his official capacity,**
**CAROLYN J. ABIETA in her official capacity,**
**J.E. GALLEGOS in his official capacity,**
**JAMES H. KOCH in his official capacity,**
**BRADLEY C. HOSMER in his official capacity,**
**JACOB P. WELLMAN in his official capacity,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

In their RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS OF ALL CLAIMS AGAINST DEFENDANTS FORTNER, CHALMERS, ABEITA, GALLEGOS, KOCH, HOSMER, AND WELLMAN AND COUNT IV OF THE COMPLAINT AGAINST ALL DEFENDANTS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED (Doc. No. 22) (Motion), defendants University of New Mexico Board of Regents (the Board of Regents), and individual regents Jack L. Fortner, Don L. Chalmers, Carolyn J. Abieta, J.E. Gallegos, James H. Koch, Bradley C. Hosmer, and Jacob P. Wellman, in their official capacities, (collectively, Individual Defendants) ask the Court to grant judgment on the

pleadings and dismiss the claims against them.[1]  Because the Board of Regents is an arm of the State and is entitled to Eleventh Amendment immunity from suit in federal court, the Court will dismiss without prejudice all of Plaintiff's claims for damages and for injunctive relief against it.  Because Plaintiff has not shown that the Individual Defendants had the authority to make employment decisions, all of Plaintiff's claims against the Individual Defendants, both the claims for damages and the claims for injunctive relief under *Ex Parte Young*, will be dismissed without prejudice.

I.  Standard of Review

Under Rule 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard applied to motions for judgment on the pleadings is the same as the standard applied to motions under Rule 12(b)(6). *Sanders v. Mountain America Federal Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012).  The Court must accept as true all well-pleaded facts in the complaint and construe all reasonable inferences from the pleadings in that party's favor. *Park University Enterprises, Inc. v. American Cas. Co. Of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006).  Judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id*.

Similarly, under Rule 12(b)(6), the Court looks to the specific allegations in the

---

[1] In ruling on the Motion the Court has also considered PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS FILED BY UNM DEFENDANTS (Doc. No. 25) (Response) and DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS OF ALL CLAIMS AGAINST DEFENDANTS FORTNER, CHALMERS, ABEITA, GALLEGOS, KOCH, HOSMER, AND WELLMAN AND COUNT IV OF THE COMPLAINT AGAINST ALL DEFENDANTS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED (Doc. No. 26) (Reply).

complaint to determine whether they plausibly support a legal claim for relief, and the Court must accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cunningham v. University of New Mexico Board of Regents*, 779 F. Supp. 2d 1273, 1277 (D. N.M. 2011) (citing *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008)). A plaintiff does not have to provide detailed facts, but the complaint must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Sanders*, 689 F.3d at 1141 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

II. Background

    A. Plaintiff's Employment at UNM

Plaintiff is a kidney and pancreas transplant recipient, who also suffers from hypoglycemia and asthma. (Compl. Doc. No. 1 ¶ 21.) Plaintiff was employed at UNM for a total of eight years and was able to perform her job with or without accommodation for her disabilities. (*Id.* ¶ 20.) For the last five years of her employment at UNM, Plaintiff was an academic advisor at the west campus of UNM (UNM West) located in Rio Rancho, New Mexico. (*Id.* ¶ 24.)

In 2009, Dr. Elizabeth Miller became the Interim Executive Director at UNM West. Plaintiff alleges that soon after Dr. Miller became Executive Director other employees began harassing and humiliating Plaintiff due to her disabilities, and Dr. Miller did not stop the harassment. (*Id.* ¶¶ 27-28.) Plaintiff complained verbally and in writing to Dr. Miller, to the UNM Dispute Resolution Department, and to the UNM Office of Equal Opportunity about the mistreatment, but her concerns were not addressed. (*Id.* ¶¶ 30-31.)

Plaintiff alleges that in March 2010, she complained to the EEOC about the hostile work environment, but thereafter Plaintiff suffered retaliation through heightened scrutiny of her work, denial of a raise in salary, and denial of a promotion to positions for which Plaintiff was qualified. (*Id.* ¶¶ 32-33.)  Plaintiff alleges that she was told her employment was terminated due to a reduction in force at UNM West; however, this reason was a pretext for discrimination against her due to her disabilities and in retaliation for complaining about the discrimination. (*Id.*)

B.  Plaintiff's Complaint

In Count I of the Complaint, Plaintiff asserts a claim of disability discrimination alleging that she was passed up for raises and promotion, she was subjected to additional scrutiny, and her employment was terminated because she is disabled in violation of the ADA. (*Id.* ¶¶ 40-47.) In Count II, Plaintiff asserts that she was subjected to a hostile work environment in violation of the ADA. (*Id.* ¶¶ 48-56.)  In Count III, Plaintiff claims she experienced retaliation for complaining about disability discrimination in violation of the ADA. (*Id.* ¶¶ 57-63.)  In Count IV, Plaintiff claims that Defendants violated the ADA by failing to reasonably accommodate Plaintiff's disabilities, which Plaintiff alleges was a continuing violation of the ADA. (*Id.* ¶¶ 64-72.)  Plaintiff asks for injunctive relief, including reinstatement to her former position with UNM, and any additional prospective injunctive relief as warranted by the evidence. (*Id.* at p. 7.) Plaintiff asserts these claims against the Board of Regents and against the Individual Defendants, in their official capacities as members of the Board of Regents. (*Id.* at 7.)

C.  The ADA

In Title I of the ADA, Congress prohibited employment discrimination against "a qualified individual with a disability." 42 U.S.C. § 12112. A "qualified individual with a

disability" is defined, in the context of an employment relationship, as a person who with or without reasonable accommodation can perform the essential functions of the job. 42 U.S.C. § 12111(8).

III.  Discussion

    A.  The Board of Regents Is Immune From All Claims Under The Eleventh Amendment.

The Eleventh Amendment imposes a constitutional limitation on the jurisdiction of federal courts: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Amendment "by its terms . . . applies only to suits against a State by citizens of another State," the Supreme Court has repeatedly held States are immune to suits brought by their own citizens as well. *Guttman v. Khalsa*, 669 F.3d 1101, 1111 (10th Cir. 2012) (quoting *Board of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). A state's immunity from suit in federal court under the Eleventh Amendment extends to agencies or "arms" of the state as well. *Lujan v. Regents of University of California*, 69 F.3d 1511, 1522 (10th Cir. 1995) (citing *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988)). Thus, the threshold issue is whether the Board of Regents is an "arm of the state." *Mascheroni v. Board of Regents of University of California*, 28 F.3d 1554, 1559 (10th Cir. 1994) abrogated on other grounds, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 & n. 11 (2002)).

The University of New Mexico is a creature of New Mexico constitutional and statutory law. *See generally,* N.M. Const., Article VII; NMSA 1978, § 21-7-1 *et seq*. Under Section 21-7-3 "[t]he management and control of the university of New Mexico, the care and preservation of all its property, the erection and construction of all buildings necessary for its use and the

disbursements and expenditures of all money shall be vested in a board of seven regents."

Section 21-7-4 states:

> [t]he regents of the university and their successors in office shall constitute a **body corporate** under the name and style of, the regents of the university of New Mexico, with the right, as such, of suing and being sued, or contracting and being contracted with, of making and using a common seal and altering the same at pleasure.

NMSA 1978, § 21-7-4 (emphasis added). The specific duties of the members of the Board of Regents do not alter this corporate structure. *See* NMSA 1978, § 21-7-6. Neither does Section 21-7-7, under which the Board of Regents is under a "duty to enact laws, rules and regulations for the government of the University of New Mexico." NMSA 1978, § 21-7-7. Furthermore, a quorum constituting a majority of the Board of Regents is required for the transaction of business in the name of the University or on behalf of the Board of Regents. NMSA 1978, § 21-7-12. Since the Board of Regents is a creation of state law and its tasks are specifically governed by state law, the Board of Regents is an "arm" of the state. *See Cunningham v. University of N.M. Bd. of Regents*, 779 F. Supp. 2d 1273, 1277 (D. N.M. 2011) (stating that the UNM Board of Regents is an arm of the State of New Mexico).

In *Buchwald v. University of New Mexico School of Medicine*, 159 F.3d 487 (10th Cir. 1998), the Tenth Circuit analyzed the statutory structure of the University of New Mexico for the purpose of determining whether the plaintiff could sue the Board of Regents, the UNM Medical School, and two members of the Medical School's admissions committee. In *Buchwald*, the plaintiff alleged that UNM Medical School's policy of preferring long-time residents of New Mexico over other residents for admission to the medical school violated the United States Constitution. *Id.* at 492. The Court examined its jurisdiction over the Board of Regents and the University:

> The University of New Mexico is defined as a "state educational institution" under the New Mexico Constitution, N.M. Const. art. XII, § 11, which further provides that "[t]he . . . universities . . . provided for by this constitution shall forever remain under the exclusive control of the state," *id.* § 3. In addition, New Mexico law defines "state agency" as "any department, institution, board, bureau, commission, district or committee of government of the state of New Mexico and means every office or officer of any of the above." N.M. Stat. Ann. § 6–3–1. Moreover, [the UNM Medical School] relies extensively on appropriations from the state in order to fund its educational and extracurricular programs. *See, e.g.,* General Appropriation Act of 1998, 1998 Adv. Legis. Serv. ch. 116, § 4 (setting forth appropriations for the 1999 fiscal year). Consequently, we have no doubt that the [UNM Medical School], its Regents, and the Committee on Admissions are "arms of the state," entitled to Eleventh Amendment immunity.

*Id.* (citing *Korgich v. Regents of the N.M. Sch. of Mines,* 582 F.2d 549, 551 (10th Cir.1978)). Since the Board of Regents is an arm of the State of New Mexico, it is immune from suit in federal court regardless of the relief sought, and all of Plaintiff's claims against the Board of Regents will be dismissed without prejudice for lack of subject matter jurisdiction. *Id.* at 495 (stating that suits against states and their agencies are barred "regardless of the relief sought.").

    B.  Plaintiff's *Ex Parte Young* Claims Against The Individual Defendants Must Be Dismissed.

Plaintiff correctly argues that the Eleventh Amendment does not preclude suits for prospective injunctive relief against individual state officials who commit ongoing violations of a plaintiff's rights under federal law.  In *Buchwald* the court recognized that the plaintiff could seek "… a prospective injunction ordering her immediate placement into UNMSM" because " . . . the exception enunciated in *Ex parte Young,* 209 U.S. 123 (1908), allows her to pursue prospective equitable relief when there is an ongoing constitutional violation." *Id.*  The Tenth Circuit concluded, however, that the plaintiff's *Ex Parte Young* claims could only be asserted against the chair persons of the admissions committee, Dr. Diane Klepper, and Alonzo Atencio:

> [t]he *Ex parte Young* exception, however, is a narrow one. First, there must be an "ongoing violation of federal law.". . . Second, "[i]t applies only to prospective relief" and may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past. . . . In this case, plaintiff has alleged an ongoing constitutional violation in the form of her continued exclusion from UNMSM. . . . plaintiff may maintain an action against the individual defendants in their official capacities to the extent she seeks a prospective injunction ordering her admission into UNMSM. We therefore conclude that Klepper and Atencio are not immune from plaintiff's claims insofar as she is seeking a future injunction ordering her admission to UNMSM.

*Id.* at 495-6.

Similarly, in *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742 (10th Cir. 2010), a suit alleging that the Oklahoma Taxpayer and Citizen Protection Act was unconstitutional under the Supremacy Clause, the Tenth Circuit noted:

> the Eleventh Amendment does not apply to suits against a state officer in his official capacity seeking only prospective relief. *Edelman v. Jordan,* 415 U.S. 651, 667–68, 94 S.Ct. 1347 . . . (1974); *Ex parte Young,* 209 U.S. 123 . . . (1908). This exception applies so long as the defendant officer has "some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young,* 209 U.S. at 157. . . .

*Id.* at 760 (emphasis added).  The Tenth Circuit noted that a plaintiff seeking prospective injunctive relief against a public official in his official capacity must show that the official "has a particular duty to enforce" the offending statutory provision. *Id.* (stating, "merely because an attorney general has a duty to prosecute all actions in which the state is interested is not enough to make him a proper defendant in every such action."). Thus, a plaintiff must show that "the harms alleged . . . will likely be 'reduced to some extent' by an injunction running against [the official]." *Id.* at 757.

Plaintiff has failed to allege how the Individual Defendants are able to address the harms she alleges if she succeeds in obtaining an injunction from this Court. *Id.*  The Individual Defendants, as members of the Board of Regents, cannot act as individuals, but must act as a

body corporate. NMSA 1978, § 21-7-4.  Plaintiff's conclusory allegation that the Individual Defendants are responsible for enforcing the ADA is wholly insufficient to establish the Individual Defendants' authority, as individuals acting in their official capacities, to reinstate Plaintiff to her former position if a jury finds that Plaintiff's rights under the ADA were violated. Therefore, all claims against the Individual Defendants will be dismissed without prejudice for lack of subject matter jurisdiction.

      IV.  Leave to Amend

In her Response to the Motion, Plaintiff has asked for the opportunity to amend her complaint if the Court determines that the Complaint should be dismissed.  "Plaintiff can plead additional allegations spelling out that the individual regents are responsible for policy and enforcing ADA law and policy." (Resp. at 9.)   Under Rule 15(a)(2), Plaintiff must move for leave to amend her Complaint, and under this Court's local rules Plaintiff must attach a proposed amended complaint to the motion to amend.  Fed. R. Civ. P. 15(a)(2); D.N.M.LR-Civ 15.1.  In addition, even though Fed. R. Civ. P. 15(a)(2) provides that "the court should freely give leave when justice so requires[,]" leave to amend may not be allowed if the amendment would be futile. *McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1260 (D. Colo. 2011).  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Id.* (citation omitted). Therefore, the Court will deny Plaintiff's request to amend her Complaint as stated in the Response.

Because the Court is dismissing without prejudice all claims against the Board of Regents and the Individual Defendants, the Court need not consider whether to dismiss Plaintiff's Count IV claim for failure to accommodate.

9

IT IS ORDERED that the RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS OF ALL CLAIMS AGAINST DEFENDANTS FORTNER, CHALMERS, ABEITA, GALLEGOS, KOCH, HOSMER, AND WELLMAN AND COUNT IV OF THE COMPLAINT AGAINST ALL DEFENDANTS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED (Doc. No. 22) is granted.

*James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE